**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

TERESA PARRISH,

    Plaintiff,

vs.                                         Case No: 3:13-cv-748-J-34MCR

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying her application for a period of disability and disability insurance benefits ("DIB"). Plaintiff alleges she became disabled on December 17, 2009 (Tr. 150-51). The applications were denied initially and on reconsideration (Tr. 79-82, 91-96). A hearing was held before the assigned Administrative Law Judge ("ALJ") on October 20, 2011, at which Plaintiff was represented by an attorney (Tr. 25-78). The ALJ issued an unfavorable decision on January 18, 2012 (Tr. 10-24).

In reaching the decision, the ALJ found Plaintiff had the severe impairments of degenerative joint disease of her shoulders and degenerative disc disease (Tr. 15). The ALJ found Plaintiff had the following residual functional capacity:

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. § 636(b)(1); Rule 72(b), Fed. R. Civ. P.; and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

1

> [T]he claimant has the residual functional capacity to lift and carry twenty pounds occasionally and ten pounds frequently.  She can stand or walk for about six hours per eight-hour workday and sit about six hours per workday.  The claimant has no limitations with pushing or pulling and can only occasionally climb, balance, stoop, kneel, crouch and crawl.  She can frequently, but not constantly, reach overhead with both arms and must avoid vibration, hazards, moving mechanical parts, and high exposed places.

(Tr. 16).

Plaintiff has exhausted administrative remedies and the case is properly before the Court.  The undersigned has reviewed the record, the briefs and the applicable law.  For the reasons stated herein, the undersigned respectfully **RECOMMENDS** the Commissioner's decision be **REVERSED** and **REMANDED** for additional proceedings.

**I.     Standard of Review**

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence.  *Richardson v. Perales*, 402 U.S. 389, 390, 91 S.Ct. 1420 (1971).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the

Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## II. Analysis

Plaintiff raises two issues on appeal.  First, Plaintiff argues the ALJ failed to give great weight to the opinions of Dr. Umesh M. Mhatre, Plaintiff's treating physician, regarding the interplay of Plaintiff's depression and pain issues.  Second, Plaintiff argues the ALJ's credibility finding is not based on substantial evidence and violates the pain standard of this Circuit.

### A. Dr. Umesh M. Mhatre's opinion

Plaintiff argues the ALJ failed to give great weight to the opinions of Dr. Umesh M. Mhatre, Plaintiff's treating physician, regarding the interplay of Plaintiff's depression and pain issues.  Plaintiff contends Dr. Mhatre's opinion dated February 7, 2012 should have been given great weight because, as Plaintiff's treating physician, Dr. Mhatre was the medical professional most able to provide perspective on Plaintiff's limitations.

In response, the Commissioner points out that Dr. Mhatre's opinion was submitted to the Appeals Council after the ALJ rendered his decision and, therefore, the ALJ could not have erred with respect to this opinion.  The Commissioner argues the

Appeals Council correctly found that the evidence from Dr. Mhatre did not provide a basis for changing the ALJ's decision.[2]

Generally, a claimant may present new evidence at each stage of the administrative process. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007) (citing 20 C.F.R. § 404.900(b)). The Appeals Council has discretion to decline to review the ALJ's denial of benefits. *See* 20 C.F.R. § 404.970(b). The Regulations provide that the Appeals Council will review an ALJ's decision only when it determines after review of the entire record, including new and material evidence, that the decision is contrary to the weight of the evidence currently in the record. 20 C.F.R. § 404.970(b). New evidence is material if "it is relevant and probative so that there is a reasonable possibility that it would change the administrative result." *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987) (citations omitted). New evidence presented to the Appeals Council must relate to the period on or before the ALJ's hearing decision. *Id.*

When the Appeals Council has denied review despite new evidence properly presented, a reviewing court must consider whether the denial of benefits is supported

---

[2] The undersigned has considered the Commissioner's contention that Plaintiff did not specifically challenge the Appeals Council's actions in her brief, and therefore this argument should be deemed waived. The Commissioner is correct that the heading in Plaintiff's brief for this section of her argument refers to ALJ Flanagan and not the Appeals Council, and it therefore appears Plaintiff is only challenging the ALJ's actions and not those of the Appeals Council. However, in the body of this section of her brief, Plaintiff argues that Dr. Mhatre's opinion regarding the interaction of Plaintiff's pain and depression should have been given great weight because Dr. Mhatre, as Plaintiff's treating physician, was the medical professional able to provide the best perspective on Plaintiff's condition given her considerable treatment history with him. Construing the brief in a liberal manner, the undersigned finds Plaintiff's reference to the ALJ instead of the Appeals Council should not waive her argument that Dr. Mhatre's opinion was not properly considered. Plaintiff has not raised this issue in such a perfunctory manner that it should be deemed waived. The Commissioner adequately addressed this argument in her brief, and therefore cannot complain that she was hindered in her ability to respond. *See N.L.R.B. v. McClain of Georgia, Inc.*, 138 F.3d 1418 (11th Cir. 1998) (construing brief in liberal fashion to determine argument was not waived even though party failed to address certain findings with particularity). Moreover, as discussed above, a claimant may submit evidence at each stage of the administrative process, and the reviewing court must consider whether the denial of benefits is supported by substantial evidence in the record as a whole, including evidence submitted to the Appeals Council. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261-62 (11th Cir. 2007).

by substantial evidence in the record as a whole, including the evidence submitted to the Appeals Council. *Ingram*, 496 F.3d at 1262.

In the instant case, the ALJ found Plaintiff's depression was not a severe impairment because it did not cause more than a minimal limitation in her ability to perform basic mental work activities. The ALJ found Plaintiff had no limitations with activities of daily living, with social functioning, or with concentration, persistence or pace. Thus, in determining the RFC, the ALJ found Plaintiff had no mental limitations. After the ALJ's decision, Plaintiff submitted to the Appeals Council new evidence in the form of a Medical Assessment of Ability to Do Work-Related Activities (Mental) completed by Dr. Mhatre and dated February 7, 2012 (Tr. 487-89). In the assessment, Dr. Mhatre opined Plaintiff's ability is fair, i.e. seriously limited but not precluded, with respect to her ability to follow work rules; relate to co-workers; deal with the public; use judgment; function independently; understand, remember and carry out complex job instructions; understand, remember and carry out detailed, but not complex job instructions; and maintain personal appearance. Dr. Mhatre opined Plaintiff had poor or no ability to interact with supervisors; deal with work stresses; behave in an emotionally stable manner; relate predictably in social situations; and demonstrate reliability. Dr. Mhatre reported Plaintiff is severely depressed and in pain, and cannot focus because she is in constant pain. The Appeals Council considered the evidence but found that it did not provide a basis for changing the ALJ's decision (Tr. 2). Thus, the Appeals Council denied review (Tr. 1).

Upon consideration, the undersigned concludes there is a reasonable possibility that the evidence submitted to the Appeals Council would have changed the result of

the ALJ's decision.  Dr. Mhatre's opinion is in direct contradiction to the ALJ's finding that Plaintiff's depression does not cause more than a minimal limitation in her ability to perform basic mental work activities.  Dr. Mhatre's opinion identifies limitations in Plaintiff's ability to perform basic mental work activities that are caused by the interaction of Plaintiff's depression and chronic pain.  A February 2011 treatment record indicates Dr. Mhatre discussed with Plaintiff how depression can make pain worse (Tr. 444).  Although, as the ALJ noted, Plaintiff reported in April 2011 that her mood had improved, Dr. Mhatre reported in June 2011 that Plaintiff was still learning to adjust to her chronic pain and to find other ways to feel happy in life, and that he believed she was "still pushing herself beyond what she should be" and he had advised against doing so (Tr. 441).  Furthermore, the medical record does not contain any other opinion evidence regarding Plaintiff's mental limitations from a treating source, or even from a non-treating source.  Thus, Dr. Mhatre's opinion is probative and not merely cumulative of other evidence already in the record that was discredited by the ALJ.

Accordingly, the undersigned finds Dr. Mhatre's opinion is new and material evidence that "is relevant and probative so that there is a reasonable possibility that it would change the administrative result." *Hyde*, 823 F.2d at 459.  A reasonable possibility exists that the evidence Plaintiff submitted to the Appeals Council may have changed the administrative result had that evidence been before the ALJ initially.  Had the ALJ had before him Dr. Mhatre's opinion of the mental limitations resulting from Plaintiff's depression and pain, the ALJ may have determined that Plaintiff's depression was a severe impairment or that Plaintiff had mental limitations that affected her ability to do basic work activities.  Because Dr. Mhatre is a treating physician, the ALJ must

afford his opinion great weight unless there is good cause to discredit it. *See Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). Considering the record as a whole, including the opinion of Dr. Mhatre, the undersigned finds the Commissioner's decision is not supported by substantial evidence. In making this determination, the Court has declined, as it must, to re-weigh the evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Accordingly, the undersigned finds the case should be reversed and remanded to the Commissioner for evaluation of the total record.

### B. The ALJ's credibility finding

Plaintiff argues the ALJ's credibility finding is not based on substantial evidence and violates the pain standard of this circuit. Plaintiff argues the credibility of her pain testimony should be measured in light of the opinions of her treating physicians, who believe that Plaintiff experiences severe pain that is resistant to medication. The Commissioner responds that substantial evidence supports the ALJ's credibility determination.

Because this case is due to be remanded for further proceedings, it is unnecessary to address this issue. *See Demenech v. Sec'y of the Dep't of Health & Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues); *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand). As stated in SSR 96-7p, "the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record." Social

Security Ruling (SSR) 96-7p, 1996 WL 374186, at *2.  As this case is due to be remanded for consideration of Dr. Mhatre's opinion, the ALJ should reassess Plaintiff's pain testimony in light of all of the evidence of record.

## III.     Conclusion

For the reasons stated herein, the undersigned finds the decision of the Commissioner is neither supported by substantial evidence, nor decided according to proper legal standards.  Therefore, the undersigned respectfully **RECOMMENDS** the Commissioner's decision be **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and the case be **REMANDED** for additional proceedings consistent with this Report and Recommendation.  The additional proceedings should include, but are not limited to: re-assessment of the severity of all of Plaintiff's medically terminable impairments; reconsideration of whether Plaintiff's impairments, in combination, meet or equal a listing; reconsideration of Plaintiff's testimony and all other evidence of record; reassessment of Plaintiff's RFC; and, if warranted, vocational expert testimony.

If the remand results in the award of benefits, Plaintiff's attorney should be granted, pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b), until thirty (30) days after the date of the Commissioner's letter sent to Plaintiff's counsel of record at the conclusion of the Agency's past due benefit calculation stating the amount withheld for attorney's fees, and that the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, not be extended.  *See In re: Procedures for Apply for Attorney's Fees Under 42 U.S.C. §§ 406(b) & 1381(d)(2)*, Case No. 6:12-mc-124-Orl-22 (M.D. Fla. Nov. 13, 2012).

The undersigned further recommends the Clerk of the Court be directed to enter judgment consistent with this Report and Recommendation.

**DONE AND ENTERED** in Jacksonville, Florida this 19th day of June, 2014.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record