UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TERESA PARRISH,

    Plaintiff,

-vs-                                              Case No. 3:13-cv-748-J-34MCR

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Report and Recommendation (Dkt. No. 24; Report), entered by the Honorable Monte C. Richardson, United States Magistrate Judge, on June 19, 2014. In the Report, Magistrate Judge Richardson recommends that the final decision of the Commissioner of Social Security (the Commissioner) be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). See Report at 8. The Commissioner has failed to file objections to the Report, and the time for doing so has now passed.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994);

<u>United States v. Rice</u>, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007).

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge. Accordingly, it is hereby

**ORDERED:**

1.  The Magistrate Judge's Report and Recommendation (Dkt. No. 24) is **ADOPTED** as the opinion of the Court.

2.  The Clerk of the Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) **REVERSING** the Commissioner's final decision and **REMANDING** this matter to the ALJ with instructions: to reassess the severity of all of Plaintiff's medically determinable impairments; to reconsider whether Plaintiff's impairments, in combination, meet or equal a listing; to reconsider Plaintiff's testimony and all other evidence of record; to reassess Plaintiff's RFC and, if warranted vocational expert testimony. Additionally, the ALJ may conduct any proceedings deemed necessary.

3.  The Clerk of the Court is further directed to close the file.

4.  In the event benefits are awarded on remand, Plaintiff's attorney shall be granted, pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b), until thirty (30) days after the date of the Commissioner's letter sent to Plaintiff's counsel of record at the conclusion of the Agency's past due benefit calculation stating the amount withheld for attorney's fees, and that the time limits for filling a motion for attorney's

fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, not be extended.  See In Re: Procedures for Applying for Attorney's Fees under 42 U.S.C. §§ 406(b) & 1381(d)(2), Case No. 6:12-mc-124-Orl-22 (M.D. Fla. Nov. 13, 2012).

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of July, 2014.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

i27

Copies to:

Hon. Monte C. Richardson
Counsel of Record